VITRIFIED PAVING & PRESSED BRICK CO. v. SNEAD & CO. IRON WORKS et al.

(Circuit Court of Appeals, Eighth Circuit. May 15, 1893.)

No. 165.

1. MORTGAGES—FORECLOSURE—EVIDENCE.

In a suit against a corporation to foreclose a mortgage on certain lands conveyed to it by the mortgagor, defendant claimed that the deed to it was in fact executed and delivered before the execution of the mortgage, although it was dated and acknowledged five days later, and defendant's president testified that such was the fact. The mortgagor, however, testified that the mortgage was executed before the deed, and it further appeared that, about a month after the execution of the mortgage, the mortgagor and defendant's president, who at that time owned all its stock, and was its only officer, executed a paper relating to their business affairs, in which it was recited that before the conveyance of the land to defendant the mortgagor had placed the mortgage upon it. *Held*, on this evidence, that the mortgage was first executed, and that it constituted a valid lien on the land.

2. SAME—PROVISION FOR ATTORNEYS' FEES.

In a mortgage of lands situated in Nebraska, a provision for the allowance of attorneys' fees in case of foreclosure is invalid. Gray v. Havemeyer, 53 Fed. Rep. 174, followed.

Appeal from the Circuit Court of the United States for the District of Nebraska. Modified and affirmed.

## Statement by CALDWELL, Circuit Judge:

On the 17th day of March, 1890, the Snead & Co. Iron Works filed its bill in the circuit court of the United States for the district of Nebraska against W. H. B. Stout, the Vitrified Paving & Pressed Brick Company, and J. R. Webster, for the foreclosure of a mortgage executed by the defendant Stout to the complainant on the 29th day of January, 1890, and filed for record at 12 o'clock, noon, January 30, 1890, on block 114, in the city of Lincoln, Neb., to secure the payment of a promissory note of even date with the mortgage, for the sum of $3,757, payable on demand.

The defendant Webster answered, admitting the allegations of complainant's bill; and Job P. Kirby and John A. Buckstaff having been made defendants, by stipulation of the parties, Kirby and the defendant Webster thereupon filed a cross bill setting up, among other things, that on the 29th day of January, 1890, the defendant Stout executed his promissory note, upon which the defendant Webster was surety, to Kirby, for the sum of $2,000, and on the same day, to secure the payment of said note, executed to Webster a mortgage, which was filed for record at 1:30 P. M. January 30, 1890, on an undivided one-half of the same block 114, in the city of Lincoln. Stout, in his answer to the original bill, admits the execution of the mortgage, and alleges he did not owe the debt; but as he has not appealed from the decree of the lower court, finding that he did owe the debt, no further notice need be taken of this denial. The Vitrified Paving & Pressed Brick Company, hereafter called the "Paving Company," in its answer to the original bill admits the execution of the mortgage to the complainant, but denies that the complainant thereby acquired any lien on the mortgaged property; and in support of this denial the answer alleges that about the 1st of May, 1889, the defendants W. H. B. Stout and John A. Buckstaff jointly purchased the premises in controversy from James H. McMurtry, whose deed to them for the property was delivered about the 1st of June, 1889, and that, immediately upon the delivery of this deed, Stout and Buckstaff conveyed the premises, by warranty deed, to the defendant the Paving Company, which at once took actual and exclusive possession of the premises, and erected thereon brick kilns, houses, and other improvements. The answer of the Paving Company and Buckstaff to the cross bill of Kirby and Webster admits the execution of the mortgage to Webster, but denies that the mortgage created any lien on the property, for the same reason that it was averred that the mortgage to the Snead & Co. Iron Works created no lien, namely, that Stout had conveyed his interest therein to the Paving Company before the execution of the mortgage. The Paving Company was chartered and organized under the laws of Nebraska by Stout and Buckstaff, who owned all its stock, and on March 1, 1890, Buckstaff purchased Stout's stock, and thus became the owner of the whole of it.

Charles O. Whedon, for appellant.

A. J. Cornish, (Joseph R. Webster, on the brief,) for appellees.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The averments in the answer of the Paving Company and Buckstaff as to the date of the deed from Stout and Buckstaff to the Paving Company are not supported by the evidence. The deed is dated and acknowledged on the 5th day of February, 1890, six days after the mortgages were executed and recorded. Stout testifies that at the date of the execution of the mortgages he was the absolute owner of an undivided half of the mortgaged premises, and that he did not sell or convey, in any manner or form, his interest therein to the Paving Company until the 5th day of February, 1890,—the

day the deed bears date. On the 1st of March, 1890, Stout and Buckstaff signed an agreement relating to their business affairs, it which it is recited that "Stout placed on the real estate conveyed to him and said Buckstaff, before said real estate was conveyed to said corporation, a mortgage to J. R. Webster for the sum of $2,000, and a mortgage to Snead Iron Company for $3,800." At the time Buckstaff signed this agreement he represented the Paving Company as completely and fully as it is possible for a natural person to represent a corporation. He owned all its stock, was its general manager, and conducted all its business; and if he was not its president, secretary, and treasurer, then those offices were vacant. Practically he represented all the officers of the corporation, and discharged their functions. Sustaining all these relations to the corporation, his deliberate admission that the mortgages in suit were executed by Stout before the conveyance of the mortgaged premises by himself and Stout to the Paving Company must be accepted as an admission of that fact on behalf of the Paving Company, as well as himself. It is obvious that he is the real party in interest in resisting the foreclosure of the mortgages, and that the Paving Company, though a distinct legal entity in law, is in fact merely his shadow. The deed under which the Paving Company claims the property shows on its face that it was executed and acknowledged after Stout mortgaged the property. Stout testifies that the mortgages were first executed, and Buckstaff, for himself, and, as we have shown, for the Paving Company as well, admits the fact in writing. Opposed to these satisfactory proofs is the testimony of Buckstaff to the effect that a deed from Stout and Buckstaff to the Paving Company was signed and delivered, but not dated or acknowledged about May, 1889, and this undated, unacknowledged, and unrecorded deed, and the possession alleged to have been taken thereunder, is the basis of the defendants' claim. The only other evidence to support the defendants' contention, which we deem it material to notice, is that of Mr. Jones, who was a clerk for Stout and Buckstaff, or the Paving Company. This witness says he wrote the deed, and he thinks it was signed about the time the deed from McMurtry to Stout and Buckstaff was received, and that he put it away in a box with that deed. The recollection of the witness is not very clear as to any of these facts, and we think, if anything was done about the deed at that time, it did not extend beyond the writing of the instrument, and that it was not dated or signed until the time it bears date and was acknowledged. It is improbable that, if the execution of the deed had once been entered upon, it would have stopped with the signing. Indeed, the witness Jones testifies that he thinks he had it acknowledged, which shows that he has probably confounded a blank deed with the one that was signed and acknowledged, or with some other deed, and that Buckstaff has probably done the same thing. However this may be, in view of the date of the deed, the written admission of Buckstaff, and the positive testimony of Stout, and the other evidence in the record, it is clear to our minds that the deed was not signed or executed before the day it bears date, and that it was

taken subject to the prior mortgages executed by Stout upon the property.

The mortgage to Webster provides for an "attorney's fee of ten per cent. of the amount" thereby secured, and the decree allows an attorney's fee of $300, "to be taxed as costs." This action of the court is assigned for error. The decree, in this respect, is erroneous. Gray v. Havemeyer, 53 Fed. Rep. 174. In all other respects the decree is affirmed, without costs to either party in this court. The cause is remanded to the circuit court, with directions to modify the decree by striking out the clause allowing an attorney's fee of $300.